UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENOSA STRICKLAND SR., and KATHLEEN KELIIKOA-STRICKLAND, individually, and as co-Personal Representatives of the ESTATE OF ENOSA STRICKLAND JR.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>CITY OF AUBURN, a Municipality; KENNETH LYMAN, individually,<br><br>                    Defendants. | CASE NO. 2:22-cv-00528-JHC<br><br>ORDER |

This matter comes before the Court on the parties' LCR Joint Submission Regarding Western District Model Stipulated Protective Order. Dkt. # 15. Having considered the submission, the applicable law, and the case file, the Court GRANTS in part and DENIES in part the motion, and ORDERS the parties to submit a revised proposed protective order.

"There is a strong presumption of public access to the court's files." LCR 5(g). The Court may issue a protective order "for good cause" under Federal Rule of Civil Procedure 26(c). The Court

> may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all

ORDER - 1

disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal.

LCR 26(c)(2). The Court's Model Stipulated Protective Order instructs, "The parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" W.D. Wash. Model Stipulated Protective Order, https://www.wawd.uscourts.gov/sites/wawd/files/ModelStipulatedProtectiveOrder.pdf.

Defendants have modified the Court's Model Order to designate these categories as "confidential" material:

1. Any person[']s personnel file;

2. Internal complaints of discrimination pursuant to Wash.Rev.Code §42.56.250(6)[], investigations and results thereof;

3. Medical and/or mental health records;

4. Text messages or all electronic communications on personal devices;

5. Records exempt from disclosure under Washington's Public Records Act, and

6. Private information not available to the public.

Plaintiffs do not agree that this information should be protected and urge the Court to enter an order that designates as "confidential" material only those items for which "an appropriate showing has been made" by Defendants. *See* Dkt. # 15 at 8–12.

The Court designates Categories 1, 2, 3, and 5 as "confidential" material. Category 4 is broad and could include items that warrant protection, so the Court will designate this category as "confidential" material at this point. Either party may move to modify this designation as it relates to specific items or categories of items at a later date. Category 6 is overbroad and

circular. *See Taladay v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. C14-1290-JPD, 2015 WL 4494561, at *2 (W.D. Wash. July 23, 2015) ("Indeed, Chase's circular definition of 'confidential' material under the protective order purports to include any testimony 'marked confidential' and any document containing 'confidential material' pertaining to customers or policies and practices of Chase."). Thus, the definition does not comply with Local Civil Rule 26(c)(2). The Court ORDERS the parties to submit a revised protective order by November 18, 2022, that does not include this category.

Dated this 16th day of November, 2022.

John H. Chun
United States District Judge