UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENOSA STRICKLAND, SR.; KATHLEEN KELIKOA-STRICKLAND, individually and as co-Personal Representative of the ESTATE OF ENOSA STRICKLAND JR.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF AUBURN, a municipality; KENNETH LYMAN, individually,<br><br>Defendants. | CASE NO. 22-cv-528<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery, requesting an order commanding Defendants to locate and produce "all documents responsive the Plaintiffs' discovery." Dkt. No. 67. But Defendants contend they weren't even "aware that any request was in dispute until the motion was filed," and that Plaintiff failed entirely to meet and confer about the issues raised in the motion. Dkt. No. 69 at 2.

Whether the parties met and conferred is no trivial matter. LCR 37(a)(1) requires the moving party to certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id.* If a party fails to make

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL - 1

this required certification, "the court may deny the motion without addressing the merits of the dispute." *Id*.

The requirement to meet and confer in good faith is not simply a "formalistic prerequisite" for judicial resolution. *Selim v. Fivos, Inc.*, C22-1227-JCC, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023) (citing *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015)). "A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, C13-1106-RSL, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014). Indeed, even when a certification is included, "[c]ourts may look beyond the certification to determine whether a sufficient meet-and-confer took place." *Selim*, 2023 WL 3172467, at *2 (citing *Cardoza*, 141 F. Supp. 3d 1145)).

Here, Plaintiffs failed to certify in their motion to compel or declaration that they met and conferred with Defendants before filing their motion. *See* Dkt. Nos. 67, 68. Plaintiffs refer to a December 30, 2022, discovery letter; a "January 20" discovery conference; and state that "[m]ultiple discovery conferences and correspondence have occurred since." Dkt. No. 71 at 1. But this does not satisfy LCR 37(a)(1), as the rule requires the movant to provide a certification to include the "the date, manner, and participants to the conference." LCR 37(a)(1). Thus, the Court finds that Plaintiffs' reference to former conferral attempts with Defendants does not satisfy the good-faith-conferral requirement for the present motion.

This motion marks the seventh discovery-related motion filed by the parties, and it was clear on the face of each prior motion the parties met and conferred before seeking relief from the Court. *See* Dkt. Nos. 15, 19, 25, 31, 37, 67. The Court trusts the parties to meet and confer in good faith, as they've done in the past, and credits Defendant's assurance that a phone call will resolve the latest discovery dispute. *See* Dkt. No. 69 at 2, 14.

For the reasons stated above, Plaintiffs' motion to compel is DENIED without prejudice.

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL - 2

It is so ordered.

Dated this 13th day of June, 2023.

                                                             _____
                                                             Jamal N. Whitehead
                                                             United States District Judge