UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENOSA STRICKLAND, SR.; KATHLEEN KELIIKOA-STRICKLAND, individually and as co-Personal Representative of the ESTATE OF ENOSA STRICKLAND JR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF AUBURN, a municipality; KENNETH LYMAN, individually, <br><br> Defendants. | CASE NO. 22-cv-528 <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of this Court's order granting in part and denying in part Defendant's motion for a protective order regarding the Fifth Amendment (the "Underlying Motion"). Dkt. Nos. 74, 75.

"Motions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). To have any chance at success, a motion for reconsideration must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." *Id*.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

In its order on the Underlying Motion, the Court held that Defendant Lyman had a basic right to invoke the Fifth Amendment in a civil case, but the Court declined to rule prospectively about the specific application of the privilege or waiver without Plaintiff actually putting the questions to Defendant Lyman during a deposition. In their motion for reconsideration, Plaintiffs offer excerpts from various discovery responses, rehashing their arguments about waiver, but as the Court previously stated, "the privilege is not so easily waived." Plaintiffs' motion also requests a new form of relief by seeking Defendant Lyman's answers to questions about other police officers. A new request for relief, however, is not the proper subject of a motion to reconsider. Even assuming the issue were properly presented, the Court's previous ruling about the need for context would apply with equal force.

Plaintiffs do not allege that the Court committed manifest error. Nor do they present any "new facts or legal authority" that could not have been brought to the Court's attention earlier. *See* Local Civil Rule 7(h)(1). As such, Plaintiffs fail to show why the Court should reverse or modify its previous ruling. Therefore, the Court DENIES Plaintiffs' motion for reconsideration.

The Court takes to heart Plaintiffs' concerns about the burdens of conducting a deposition only for the deponent to repeatedly invoke the Fifth Amendment. But the Court disagrees with the notion that any responses would merely be "window-dressing" or needlessly reveal litigation strategy since a party's invocation of the Fifth Amendment in a civil case may lead to an adverse inference. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (citing *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir.1998)). For the same reason the Court cannot rule prospectively on the application of the Fifth Amendment, it takes no position on the appropriateness of adverse inferences at this time.

It is so ORDERED.

Dated this 26th day of July, 2023.

1

2                                        Jamal N. Whitehead

3                                        United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 3